UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL EUGENE GRIMAGE,

     Plaintiff,

v.                                                          Case No. 3:23-cv-893-JEP-SJH

CAPTAIN LEVAI, *et al.*,

     Defendants.

---

## **ORDER**

This cause is before the Court on Plaintiff's motion for a preliminary injunction (Doc. 84). Plaintiff asserts that in May 2026, while incarcerated at Florida State Prison ("FSP"), another prisoner deprived him of his food tray and struck him on the hand with a lock. In June 2026, a physician at FSP refused to examine Plaintiff's swollen neck. And in July 2026, another prisoner at FSP threw a cup of urine into Plaintiff's cell. (*Id*. at 3–6). Plaintiff asks that the Court grant his motion to enjoin the Secretary of the Department of Corrections and the classification department at FSP from delaying (1) an investigation into the incidents involving the other prisoners, and (2) treatment for his neck. (*Id*. at 1−2).

A request for injunctive relief must be related to the claims raised in the operative complaint. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997), opinion amended on reh'g, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."). Plaintiff's Complaint

(Doc. 1) alleges a single claim of excessive force against Officers Levai, Hoffman, and Willis on November 26, 2022, at Columbia Correctional Institution. Thus, Plaintiff's motion for a preliminary injunction seeks relief related to "matter[s] lying wholly outside the issues in [this] suit." *See Kaimowitz*, 122 F.3d at 43.

In addition, Plaintiff requests injunctive relief against officials at FSP, who are not parties to the instant action. This Court has no jurisdiction to enforce an injunction against a non-party. *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842–43 (11th Cir. 1995). If Plaintiff believes corrections officials at FSP have violated his constitutional rights, he should seek appropriate relief by filing grievances or initiating a new civil rights action after exhausting his administrative remedies.

Accordingly, Plaintiff's motion for a preliminary injunction (Doc. 84) is **DENIED**.

**DONE and ORDERED** at Jacksonville, Florida, on July 15, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

TpaP-3
cc: Plaintiff, *pro se*
   Counsel of Record

2