UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL EUGENE GRIMAGE,

Plaintiff,

v. Case No. 3:23-cv-893-JEP-SJH

CAPTAIN LEVAI, *et al.*,

Defendants.

---

**ORDER**

Grimage moves the Court to intervene in the handling of his medical needs at Florida State Prison, his institution of incarceration at the time he filed this motion. (Doc. 83). Grimage essentially asks the Court to enter a preliminary injunction requiring officials at Florida State Prison to provide him with specific medical care. However, no medical or prison official at Florida State Prison is a party to these proceedings, and the Court has no personal jurisdiction over them. As a result, the Court does not have the power to order any Florida State Prison official to take specific actions to ensure Grimage has adequate medical care. *See In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995) (affirming that district court lacked jurisdiction to issue preliminary or permanent injunction against a non-party). Moreover, his

request for injunctive relief against prison officials at Florida State Prison is moot because he was transferred to Suwannee Correctional Institution. (*See* Doc. 86). *See Owens v. Centurion Med.*, 778 F. App'x 754, 759 (11th Cir. 2019) (prisoner's transfer to new prison since filing his § 1983 complaint rendered moot his medical deliberate indifference claims against prison officials at former prison, for which he solely sought injunctive relief).

Accordingly, Plaintiff's motion for a preliminary injunction (Doc. 83) is **DENIED**.

**DONE and ORDERED** at Jacksonville, Florida, on August 26, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

TpaP-3
cc: Plaintiff, *pro se*
Counsel of Record